**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 95-50857
Summary Calendar
_____

LISA HOLGUIN,

Plaintiff-Appellant,

VERSUS

UNITED STATES OF AMERICA, DEPARTMENT OF THE ARMY, MICHAEL P.W.
STONE, Secretary of the Army, RAYMOND FOX, SFC, JIM TRABUE, TERRY
SCOTT, Colonel, HUGH A. MCPHERSON,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Western District of Texas
(EP-93-CV-486)
_____
September 5, 1996

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[1]

Lisa Holguin appeals on procedural grounds from the district court's dismissal of her action. She claims that the court abused its discretion by considering information outside the pleadings when it granted Appellees' motion to dismiss for failure to state a claim, by denying her motion for a continuance, by refusing to exercise pendent jurisdiction over her state law claims, and by dismissing some of her claims against one defendant based upon an

_____

[1] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

untimely motion.  We affirm.

I.

Holguin is a civilian employee of the Department of the Army.  She alleges that Appellee SFC Raymond Fox "undertook a persistent course" of sexual harassment against her by continually calling her, stalking her, and sending her "love" letters. Appellant further claims she told her supervisor, Appellee Jim Trabue, about Fox's conduct only because he promised to keep the information confidential.  Trabue nonetheless reported her allegations to Appellee Colonel Scott.  Scott, in turn, questioned Raymond Fox about the matter.  Holguin's complaint states that "immediately thereafter," she suffered "job displacement, reprisal, and retaliation at the hands of" another supervisor, Appellee McPherson.

Appellant first contacted an EEO counselor to initiate an informal complaint on January 13, 1992.  Her last interview took place on February 4.  At that time, she was told of her right to file a formal complaint within fifteen days.  Holguin did not file one until November.  On November 23, 1992, Holguin, through her attorney, received notice that her EEO complaint had been dismissed as untimely and that she had a right to file a federal court action within 90 days.  She did not file suit until January 19, 1994, almost eleven months past the deadline.

Holguin's complaint listed a variety of federal and state

claims.  In November of 1994, Appellees[2] moved for dismissal of all claims for failure to exhaust administrative remedies, lack of subject matter jurisdiction, and failure to state a claim.  To this motion Appellees attached five documents as evidence of Holguin's untimeliness and failure to exhaust administrative remedies.[3] Holguin never responded to the motion to dismiss.  Four months after it had been filed, the court heard oral argument on the motion.

The district court granted Appellees' motion.  Because Holguin had neither filed her federal suit within the allotted time nor exhausted her administrative remedies under Title VII, the court determined that it lacked jurisdiction over her federal sex discrimination claims.  In a May 16, 1995 Memorandum Opinion and Order, it also dismissed Appellant's Federal Tort Claims Act claims against the United States and against West, Trabue, Scott,

---

[2]   This motion was filed by the United States attorney on behalf of the United States, the Department of the Army, Michael P.W. Stone, Secretary of the Army, Jim Trabue, Colonel Terry Scott, and Major McPherson.  Raymond Fox was represented by private counsel.  Fox moved to join the other appellees' motion to dismiss. The district court denied Fox's motion as untimely.  Fox later filed his own motion to dismiss.  This motion was granted in part by the district court.

[3]   These documents were (1) Notice of final EEO interview dated February 4, 1992 and signed by Holguin; (2) Withdrawal of EEO complaint dated February 1992 and signed by Holguin; (3) November 17, 1992 Notice of dismissal of Holguin's formal EEO complaint as untimely, with copy of mail certification attached; (4) Affidavit of EEO officer Pete Medina as keeper of records; and (5) Declaration of Russell Fontenot stating that a search of the administrative record in the Staff Judge Advocate office revealed no Federal Torts Claim Act claims filed by Holguin.

3

McPherson, and Fox, in their official capacities for her failure to exhaust administrative remedies.

After obtaining one continuance, Appellant answered. On July 31, 1995, the district court determined to "retain jurisdiction over the pendent state law claims." It ordered the parties to submit a joint pretrial stipulation on October 16, and it set trial for October 23. On October 12, 1995, however, the district court "reconsidered" its Memorandum Opinion and Order of May 16 and "clarif[ied]" that the only claims remaining for trial were the state law claims against Fox in his individual capacity. Holguin's claims against the United States, West, Trabue, Scott, and McPherson, in their individual capacities, were dismissed. Appellant immediately filed a motion for a continuance. She argued that dismissing the remaining defendants four days before the deadline for the pretrial order and eleven days prior to trial unduly prejudiced her. The district court denied the motion. Holguin and Fox settled. She filed this appeal.

## II.

Holguin argues that the district court erred in dismissing pendant state claims. We have reviewed the record and find that the district court did not abuse its discretion in dismissing the state claims after it dismissed the federal claims.

Holguin also argues that the district court erred in treating appellees' motion to dismiss as one for summary judgment and then dismissing her federal claims as untimely and for failure to exhaust administrative remedies. Although appellees characterized

4

their motion as one to dismiss, they included several documents with this motion, and the district court considered the attachments in determining to dismiss Holguin's claims. Holguin is correct, therefore, when she argues that the 12(b)(6) motion was converted to a motion for summary judgment. This fact alone, however, does not require us to reverse the district court. A court may convert a Rule 12(b)(6) motion into a motion for summary judgment, and it need not advise either party of its intention to do so. E.g., Washington v. Allstate Ins. Co., 901 F.2d 1281, 1284 (5th Cir. 1990). The only requirement is that the non-moving party have at least ten days in which to submit its own evidence. Id. This period begins running when the non-movant is first put on notice that, based on its acceptance of evidence outside the pleadings, the court could convert the Rule 12(b)(6) motion into a summary judgment. Id. The record demonstrates that the attachments were served on Holguin, that she knew the court was relying on them, and that she was aware the 12(b)(6) motion was thereby converted to a summary judgment. Her remedy was to move for permission to file her own summary judgment evidence or to challenge the evidence proffered by the Appellees.[4] Despite having ample time to do so, Holguin did neither. The district court did not err in granting appellees' motion.

III.

---

[4] We likewise reject Holguin's argument that the documents submitted by Appellees were not competent summary judgment evidence.

5

For the reasons stated above, we find Appellant's arguments meritless and affirm the district court.

AFFIRMED.